IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE

STAN MCMINN, )
)
Plaintiff, )
)
v. ) No. 3:12-cv-1329
) Jury Demand
)
THE SHERWIN-WILLIAMS COMPANY, ) Judge Nixon/Magistrate Judge Griffin
)
Defendant. )

### ~~JOINT CASE MANAGEMENT ORDER # 1~~

A. **JURISDICTION AND VENUE**

This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Jurisdiction and venue are not disputed.

B. **BRIEF THEORIES OF THE PARTIES**

1. ~~Plaintiff~~:

Plaintiff visited Defendant's store on March 5, 2012 to look at paint samples. Plaintiff previously visited the store and knew the location of the samples. Upon entering the store, Plaintiff noticed that the only other person in the store was a Sherwin-Williams employee, Mark Klacik. Plaintiff walked to the sample display and, after picking a few samples, started walking down the aisle toward the exit. While walking down an aisle, Plaintiff fell over a box of paint. The box was quite small and not easily seen. Plaintiff remained on the floor for four or five minutes, during which time he felt pain in the fingers on his left hand and in his right foot. Meanwhile, Mr. Klacik saw that the Plaintiff had fallen and quickly picked up the box to put it back on the shelf. Due to the actions of Mr. Klacik, Plaintiff contends that Mr. Klacik negligently placed the box on the floor but failed to place it back on the shelf or warn customers

1618060.1

of the hazard. As a result of his fall at Defendant's store, Plaintiff has had numerous surgeries and has suffered a significant amount of pain.

Plaintiff alleges that the Defendant was guilty of negligence in its failure to: (1) keep the aisles free of tripping hazards; (2) warn the Plaintiff of the tripping hazard; and (3) maintain a safe environment for Plaintiff. Plaintiff further believes that the Defendant's employees and/or agents had or should have had actual and/or constructive notice of the dangerous and defective conditions of the premises that caused his injuries.

2.   <u>Defendant</u>:

Defendant acknowledges that on March 5, 2012, Plaintiff visited Defendant's store. Assistant Manager Mark Klacik helped Plaintiff look at paint samples for a short time. Mr. Klacik does not recall there being any boxes of paint on the floor around the color card display area. After he finished assisting Plaintiff, Mr. Klacik left the color card display area. Shortly thereafter, Mr. Klacik heard a large crash. He went back to the display area and saw that Plaintiff had fallen and had knocked down several items when he fell. Mr. Klacik denies that Plaintiff remained on the floor for "four or five minutes," and denies that there would have been any small box of paint on the floor. A typical store paint box is large and contains four gallons of paint.

Defendant denies any liability or negligence. Defendant further asserts that Plaintiff was negligent and caused his own fall, as he admitted to Mr. Klacik that he was looking at his notebook at the time of the fall and "wasn't watching where [he] was going."

C.   **ISSUES RESOLVED**

Jurisdiction and venue.

D.   **ISSUES STILL IN DISPUTE**

Factual issues regarding the accident in question, the nature and extent of any alleged injuries, liability, and damages.

E.   **INITIAL DISCLOSURES**

The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before March 4, 2013.

F.   **NEED FOR COUNTERCLAIMS, CROSS-CLAIMS, JOINDER OF ADDITIONAL PARTIES**

Although the parties do not anticipate any counterclaims, cross-claims, or joinder of additional parties, the parties may pursue any of the above, in accordance with the Federal Rules of Civil Procedure and if allowed by the Federal Rules of Civil Procedure.

G.   **DELINEATION OF STAGES OF DISCOVERY, DISCOVERY DEADLINES, AND LIMITATIONS ON DISCOVERY**

The parties shall serve any and all written discovery on or before April 5, 2013, and shall complete the depositions of parties and/or material fact witnesses on or before July 31, 2013. Parties reserve the right to request additional written discovery based on deposition testimony.

Plaintiff's expert reports are due by July 31, 2013. Defendant's expert reports are due by September 16, 2013. Expert discovery must be completed by November 12, 2013.

H.   **NO STAYS OF DISCOVERY**

Discovery is not stayed during the pendency of any dispositive motions unless ordered by the Court. No motions concerning discovery are to be filed until after the parties have conferred in a good faith attempt to resolve the issue(s).

I.  **DEADLINES FOR FILING DISPOSITIVE MOTIONS AND MOTIONS UNDER FRCP 13-15 AND 17-21.**

The parties shall file Motions to Amend pleadings, or other motions under Fed. R. Civ. P. 13-15 and 17-21, on or before May 15, 2013.

The parties shall file dispositive motions pursuant to Fed. R. Civ. P. 56 on or before December 13, 2013, and responses thereto shall be served on or before January 13, 2014. Briefs shall not exceed twenty-five (25) pages. Replies, if necessary, are permitted without further motion and shall be filed by January 27, 2014. Replies shall not exceed five (5) pages.

The parties shall file any pre-trial motions, including any motions in limine, by April 25, 2014.

J.  **SETTLEMENT**

The parties are willing to consider settlement discussions once fact discovery is completed.

K.  **TARGET TRIAL DATE**

The date for the trial of this matter is set for April 28, 2014, at 9:00 a.m. The parties estimate the length of the trial in this matter will be approximately three days.

It is so ORDERED.

Juliet E. Griffin
U.S. Magistrate Judge

Approved for Entry:
Dickinson Wright PLLC

__/s/ Robert C. Bigelow__
Robert C. Bigelow, #22022
424 Church Street, Suite 1401
Nashville, TN 37219-2392
(615) 244-6538 (Telephone)
(615) 256-8386 (Facsimile)
ATTORNEY FOR PLAINTIFF

4

Lewis, King, Krieg & Waldrop, P.C.


/s/ Ryan N. Clark
Robert F. Chapski, #22043
Ryan N. Clark, #29105
P.O. Box 198615
Nashville, TN 37219
(615) 259-1366 (Telephone)
(615) 259-1389 (Facsimile
ATTORNEYS FOR DEFENDANT

NASHVILLE 51842-1 447177v1

5