IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STAN MCMINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:12-CV-1329 |
| | ) Jury Demand |
| | ) |
| THE SHERWIN-WILLIAMS COMPANY, | ) |
| | ) |
| Defendant. | ) |

## AGREED PROTECTIVE ORDER

It is hereby STIPULATED and AGREED by the parties, through counsel, and ORDERED pursuant to Rule 26 of the Federal Rules of Civil Procedure that:

1. The parties agree that information and documents potentially responsive to discovery requests or relevant to this litigation may contain confidential and/or proprietary information which a Producing Party (defined below) will so designate at the time of production or presentation (collectively, "Confidential Material"). Confidential Material may include information or documents that contain confidential, personal or proprietary information which are produced or otherwise presented by Plaintiff or Defendant in this case. Confidential Material also may include information or documents produced or presented in this case over which the parties may assert attorney-client and/or work-product privilege as to third parties or over which the parties may have confidentiality obligations under HIPAA or other applicable law and contractual obligations.

2. The Party producing any Confidential Material ("Producing Party") will designate the material "Confidential" upon production or presentation of the material. Documents unintentionally produced or presented without designation as "Confidential" may be retroactively designated by the Producing Party in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the Party who received the Confidential Material ("Receiving Party").

3. The Parties agree that any Confidential Material received from a Producing Party shall be subject to this Order.

4. All Confidential Material produced or presented in the course of this litigation may be used by the Party receiving the Confidential Material (the "Receiving Party") only for the purpose of preparation, trial and any appeals of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms of this Order.

5. Access by a Receiving Party to Confidential Material shall, except as otherwise expressly provided in this Order, be restricted to:

   a. each Party and its or his counsel, including counsel's staff or personnel who are directly working on this case or otherwise assisting counsel on this case;

   b. the U.S. District Court, and any applicable appellate courts, including each court's personnel;

   c. any expert witnesses or non-attorney consultants performing services at the request of the Receiving Party;

   d. witnesses during the course of a deposition, trial, or preparation thereof; and

e. outside copy and/or document services companies or court reporters retained by any Party's legal counsel.

Confidential Material may only be disclosed by a Receiving Party to someone other than the individuals identified above upon written consent obtained from all Parties.

6. Any Receiving Party who discloses Confidential Material to a third party pursuant to paragraph 5 of this Order must ensure that the third party has been provided with a copy of this Order and the third party agrees to be bound by the terms of this Order.

7. Deposition testimony dealing with Confidential Material may be designated "Confidential" by any Party by instruction to the court reporter. The court reporter shall separately transcribe those portions of the testimony so designated and shall mark the cover page of such transcript accordingly. Alternatively, any Party may, through counsel, designate certain portions of depositions or hearing transcripts "Confidential" by providing in writing to each Party's counsel specific page/line designations to which the protections of this Order should apply within 14 days of receiving the deposition transcript so designated.

8. Within 30 days after final determination of this action by trial, appeal or otherwise, each Receiving Party shall assemble and return or certify destruction to the Producing Party's counsel all Confidential Material received through discovery, all duplicates of such Confidential Material, as well as all computer disks, documents, and other things, including, but not limited to, summaries, transcripts, and abstracts, that contain or reflect restricted information from such Confidential Material. To the extent any of the foregoing must be retained by a Party's counsel for purposes of compliance with its insurance carrier's record retention requirements, the Confidential Material shall be segregated, marked accordingly, and all

safeguards taken to ensure the Confidential Material is not thereafter made available to any individuals except upon notice and consent of the other Parties or upon further order of this Court.

9. The Receiving Party's counsel shall maintain a list of the names of all persons to whom it discloses the Confidential Material received, which shall be subject to review by the Court at any time.

10. In the event a Receiving Party wishes to use any Confidential Material or information contained therein that it has received in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, the Receiving Party shall comply with § 5.07 of Adminsitrartive Order No. 167. Unless otherwise agreed to by the Parties or ordered by the Court, all proceedings involving or relating to Confidential Material shall be subject to the provisions of this Order.

11. At the deposition of a third-party witness, a Party examining a witness may show Confidential Material to such witness; provided, however, that (i) the witness agrees on the record to be bound by the terms of this Order; and (ii) the witness shall not retain any copies of any portion of the deposition transcript designated in accordance with paragraph 7 hereof or any copies of the Confidential Material.

12. Nothing in this Order shall waive or modify any past, present or future duty as to confidentiality, if any, which may arise independently whether by contract or otherwise.

13. Nothing in this Order shall waive or modify a Party's right to object to the disclosure of Confidential Material or to seek appropriate relief to prevent such disclosure.

14. A Receiving Party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a

subsequent challenge to a designation. In the event that any Party disagrees at any stage of these proceedings with the designation of any information, documents or testimony as "Confidential," the Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, a Party may pursue an objection to the Producing Party's designation of the document or information as "Confidential" with the Court. In the event of any dispute, the objected-to information/document/transcript shall be treated as confidential and subject to the protections of this Order at all times until the Court sustains the objection to the Confidential designation and rules that the designation be removed.

15. The Parties may, by stipulation, provide for exceptions to this Order. Any Party may seek an order of this Court modifying this Order.

16. The Parties further agree that to the extent any other person becomes a Party to this case, by opt-in or otherwise, that person will also be subject to this Order.

IT IS SO ORDERED, this 10th day of July, 2013.

_____
JUDGE