IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STAN MCMINN )
)  No. 3-12-1329
v. )
)
THE SHERWIN-WILLIAMS )
COMPANY )

O R D E R

The defendant's consent motion for protective order (Docket Entry No. 11) is GRANTED to the extent provided herein.

By contemporaneously entered order, the Court has approved and entered the proposed agreed protective order, with one modification. Specifically, § 10 on page 4 of the contemporaneously entered order has been modified to require that the Receiving Party shall comply with § 5.07 of the Administrative Practices and Procedures for Electronic Case Filing (ECF), Administrative Order No. 167 entered April 18, 2005.

While the Court is willing to enter a protective order preventing disclosure of information during discovery, there is a heightened standard if a party wants to file material otherwise covered by the protective order under seal. The fact that information is subject to a protective order is not sufficient justification, in and of itself, to make a filing under seal. Rather, the filing party must show that filing under seal is proper under Rule 26(c) of the Federal Rules of Civil Procedure. See also Procter & Gamble Co. v. Bankers Trust Co., 78 F.3d 219 (6th Cir. 1996); and Brown & Williamson Tobacco Corp. v. Federal Trade Comm'n, 710 F.2d 1165 (6th Cir. 1983). Specifically, the filing party must "provide an adequate and specific explanation as to why the [filing] should be sealed and apprise the court of the specific harm that will occur if the [filing] is not sealed." United States v. Woods, No. 12-6307 (6th Cir. Apr. 26, 2013); Elliott Co. v. Liberty Mut. Ins. Co., 2009 WL 750780, *10 (6th Cir. Mar. 23, 2009) ("strong presumption in favor of public access to judicial proceedings," citing EEOC v. National Children's Ctr., Inc., 98 F.3d 1406, 1409 (5th Cir. 1996)).

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge